Nott, J.,
delivered the opinion of the. court:
The House of Representatives has referred certain “claims” to this court by the following resolution:
[As a substitute for H.R. 5908, 5909, 5911, 5913, 5915, 6847, 6848, and 6850.]
“Resolution referring the- claims of Calvin Chairs, L. F. Morat, C. C. Farrar, administrator of Gray W. Smith, deceased ; R. H. Parham, administrator of George Gorman, deceased; SarahC. MoLemore, adminis-tratrix of John C. MoLemore, deceased ; Lucy 15. Dowdy; E. G. Tomlin-son, exceutrix of W. E. Tomlinson, deceased, and W. A. Galloway, to the Court of Claims :
“ Resolved by the House of Representatives of the United States of America in Congress assembled, That the claims of Calvin Cli airs, Louis F. Morat, 0. 0. Farrar, administrator of Gray W. Smith, deceased; R. H. Parham,' administrator of George Gorman, deceased; Sarah C. McLemore, administratrix of John 0. Mc-Lemore, deceased ; Lucy B. Dowdy; E. G. Tomlinson, executrix of W. B. Tomlinson, and W. A. Galloway, in which the Court of Claims has found the preliminary question of loyalty to the United States Government during the war of. the rebellion in favor of the claimants, be, and they are hereby, referred to the Court of Claims to find and report the facts in each case, as provided in the Act of March 3, 1883, known as the ‘Bowman Act,’ and as amended by section 14 of ‘An act to provide for bringing suits against the Government of the United States,’ approved March 3, 1887.”
It will be observed that the resolution refers “ claims,” and they are to be proceeded with “as provided in the Act of March 3,1883, known as the Bowman Act, and as amended by section 14of ‘ An act to provide for bringing suits against the Government of the United States, approved March 3,1887.”
The criticism which must be made on the resolution is that the fourteenth section of the Tucker Act does not authorize a reference of “ claims,” and that it is not an amendment of the Bowman Act.
Nevertheless, the House of Representatives has signified an intent that something pending before it in the nature of a private claim shall be referred to this court for an investigation of the facts, and that the court shall take jurisdiction, either under the Tucker Act or under the Bowman Act, or under both; and it is the duty of the court to give effect to the intent of the House if there be any statutory authority for so doing. The objection made by the counsel for the Government is that the only thing which can be referred under the fourteenth section *223 of the Tucker Act is a “bill” “pending in either House of Congress,” and that the statute does not authorize, as the Bowman Act does, the reference of a “ claim or matter.”
This section of the Tucker Act is not an amendment of the Bowman Act, and the jurisdiction conferred by the one is an independent and distinct thing from the jurisdiction conferred by the other. Either of the Houses of Congress may transmit á claim under the Bowman Act,' but the'court can not exercise jurisdiction if the claim be for the destruction of property during the civil war, or if it be for the occupation of real estate at the seat of war, or if it be barred by any law, or if in certain cases the claimant was not loyal. Under the Tucker Act any bill may be referred “except for a pension,” and there is no other reseriction upon the jurisdiction of the court. A claim for the destruction of property by the Army, a claim for the occupation of real estate at the seat of war, a claim barred by a law of Congress, and a cl^im for quartermaster stores, where the owner had given aid and comfort to the rebellion, are all within the jurisdiction of the court for the purpose of investigating and reporting the facts, if properly referred under the fourteenth section.
The court has not overlooked the clause of the fourteenth section which provides that the “Court of Claims” “ shall proceed ” with these referred bills in accordance with the provisions of the Bowman Act. But a code of procedure is a statute regulating practice and remedies, the mode and manner of conducting suits; and the Bowman Act contains, several times repeated, the same word, “proceed,” and various provisions which constitute for this class of cases a code of procedure. Congressional cases “shall there (in this court) be proceeded in under such rules as the court may adopt” (§ 1); when the facts have been found, “ the court shall not enter judgment thereon, but shall report the same to the committee or to the House by which the case was transmitted” (§ 1); “ the Attorney-General, or his assistants,” “shall appear for the defense,” “ with the same power to interpose counterclaims, offsets, defenses for fraud,” and other defenses, in like manner as he is now required to defend the United States in said court” (§ 5); “ in the trial of such cases no person shall be excluded as a witness ” “ because a party to or interested in the same,” etc. (§ 6).
*224 Instead of a needless repetition of these provisions, the fourteenth section briefly refers to them as furnishing the necessary rales of procedure, adding one not applicable to cases coming under the restricted jurisdiction of the Bowman Act. That is to say, under the Bowman Act the court can not take jurisdiction of a claim which is barred by any statute, and there is nothing to report to Congress; but under the fourteenth section, where there is no restriction on jurisdiction “except for a pension,” the court, in addition to reporting the facts which go to the merits or demerits of the case, is especially directed to report “ any facts bearing upon the question whether the bar of any statute of limitations should be removed” by Congress, “or which shall be claimed to excuse the claimant for not having resorted to any established legal remedy.”
It is therefore manifest that while the procedure is the same, the jurisdiction conferred by the last statute i's different, and consequently, that a resolution of either House should signify whether the subject of investigation is “transmitted” under the one statute or “referred” under the other. The distinction i« not technical or artificial. Many a member of Congress would vote for a reference under the one statute who would not vote for it under the other; many a member would assent to the investigation of a private claim if he were assured by the jurisdictional restrictions of the Bowman Act that it is not a claim already barred by a law of Congress who would otherwise oppose it. The court is not inclined to hold the Houses of Congress to the observance of technical forms, but it is the duty of the court to see that these resolutions of reference are not couched in such language as to mislead a member into the belief that he is voting for a reference to a restricted jurisdiction when, by a false liberality of construction on the part of the court, he may be voting to send a claim to a jurisdiction wholly unrestricted.
In the present instance it is known to the court that these cases were once transmitted by a committee of the House of Representatives under the Bowman Act, and were dismissed for want of jurisdiction for the reason that they were barred by some law. Those facts substantially appear on the face of the resolution now before us, inasmuch as it declares that the' court has already “found the preliminary question of loyalty.” Furthermore, the resolution does in terms refer to the tour- *225 teenth section, and does in substance indicate that tbe facts are to be found and reported as provided by it.
In dealing with this class of eases the court can not regard either of the Houses of Congress as a litigant acting from interested motives. If either House desires to have a claim investigated judicially, notwithstanding the restrictions on jurisdiction imposed by the Bowman Act, it will be the duty of the court to give effect to the intent whenever it can be recognized with certainty in the resolution of the House. In the present instance we think that every member who read the resolution must have understood the reference to be a reference under the fourteenth section, and that the court should recognize the intent accordingly.
It being then apparent on the face of the resolution that the House of Bepresentatives intended to refer something to this court under the Tucker Act, and it being likewise apparent that there was a bill pending in the House for the relief of this claimant which the House might properly refer under that statute, and which it undoubtedly did intend to refer, the court does not deem it proper to reject the reference because the 'word “claim” was used in the resolution-instead of the word “ bill.” The latter word is indeed the only word used in the statute, but it is used figuratively. It belongs to that figure of rhetoric by which a place or vessel or vehicle is used to denote that which it contains, as in the expression, “ the province revolted,” “ the ship mutinied,” “ the pot boils.”
Itis not the original parchment.or paper termed a bill which is to be referred to the court. It is not a written or printed copy of the bill. It is not even its verbal contents. What is intended to be, and what is referred by the statute, is the subject of legislation described in and represented by the bill. If the claim of a petitioner and the legislative intent of the House be not so far formulated as to be reduced to or incorporated in a bill5 if a House should refer a “petition,” or a “claim,” or a “matter” to this court when no bill was pending therein, it might well be doubted whether jurisdiction could be taken under the fourteenth section. But that question is not presented by these cases.
The order of the court is that the motion of the defendants to dismiss the cases for want of jurisdiction be overruled.